**Joel E. BERNSTEIN, M.D., James L. Currie, Neal S. Penneys, M.D., et al., Plaintiffs–Appellees,**

v.

**GENESIS INSURANCE COMPANY, Defendant–Third/Party Plaintiff–Appellant,**

v.

**Genderm Corporation, Third/Party Defendant–Appellee.**

No. 01–2965.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 28, 2001.

Decided Feb. 6, 2002.

---

Before WOOD, Jr., KANNE, and ROVNER, Circuit Judges.

### ORDER

The court is faced with a diversity case involving insurance coverage in which plaintiffs sought a declaratory judgment that under a Directors and Officers Liability Insurance Policy issued by Genesis Insurance Company ("Genesis"), the plaintiffs were entitled to their advance defense costs from Genesis for the *Turner* litigation,[1] as well as damages. Since the parties are familiar with the facts and circumstances in this protracted legal situation, we shall not examine them in detail.

Just preceding oral argument in February 2001, this court was advised that the *Turner* action had settled. We proceeded with oral argument, but that did not resolve the new issues which arose from the settlement agreement. Therefore, the court, without resolving any issues, remanded the case to the district court to determine the impact, if any, of the *Turner* settlement on this case. The district court again took up the matter and on July 17, 2001, rendered its supplemental memorandum opinion and order. *See Bernstein v. Genesis Ins. Co.*, No. 98 C 5446, 2001 WL 812200 (N.D.Ill. July 17, 2001).[2]

The district court did a thoughtful and careful analysis of this case. It interpreted our remand order correctly holding that it had no jurisdiction to consider the issue of breach of the insurance contract, but held that "the parties still have a stake in the determination of whether a retention applies to the Directors and, therefore, the issue is not moot [under *Turner* ]." Furthermore, for the reasons stated by the district court in its order dated March 16, 2000, we agree that coverage is not excluded under the "insured vs. insured" coverage provision. *See Bernstein v. Genesis Ins. Co.*, 90 F.Supp.2d 932, 938 (N.D.Ill.2000). We also agree that Genesis was responsible for advancing defense costs. *See id.* at 940. A fair interpretation of the policy language, a policy composed by Genesis, is to

---

1. The Turner case is *Stuart Turner and Richard A. Bernstein v. Joel E. Bernstein, M.D., et al.*, No. 16190 (Del. Ch. Dec. 8, 2000), which subsequently settled.

2. The prior district court opinions are *Bernstein v. Genesis Ins. Co.*, No. 98 C 5446, 1999 WL 608693 (N.D.Ill. Aug.6, 1999), and *Bernstein v. Genesis Ins. Co.*, 90 F.Supp.2d 932 (2000).

be construed in favor of the insured. *See Employers Ins. of Wausau v. EHLCO Liquidating Trust*, 186 Ill.2d 127, 237 Ill. Dec. 82, 708 N.E.2d 1122, 1136 (Ill.1999). Logic also favors plaintiffs; Genesis was obligated to provide funds to the insureds to defend themselves in the *Turner* litigation from the beginning, lest their defense be prejudiced. The interpretation by Genesis of its policy that it was not responsible for advancing defense costs could even result in default in some cases. However, we agree with the district court that Genesis is not liable for the attorney's fees of the Directors. Because of the involvement in the *Turner* case of DiPrima, a former director, there was a reasonable question whether the "insured vs. insured" policy exclusion would be a defense against liability. DiPrima's involvement was sufficient to justify Genesis raising that issue without it being held a vexatious, unreasonable, and unjustified defense in these particular circumstances. Genesis is not liable for plaintiffs' attorney's fees merely because it does not prevail.

Therefore, the district court is affirmed in all respects except as to the issues which remained for this court. Plaintiffs in their original complaint seeking declaratory and other relief sought judgment against Genesis, stated that "Genesis has an obligation to advance Plaintiffs' past, current and future COSTS OF DEFENSE in the *Turner* Lawsuit to the limit of liability under the Policy," requested a declaration that the applicable retention amount is zero and that Genesis be directed "to reimburse in full, past, current and future COSTS OF DEFENSE under the Policy as amended," maintaining that "Genesis breached the Policy in bad faith, unreason-

ably, vexatiously, causing damage to Plaintiffs in an amount to be proved at trial."

We hold that Genesis had the obligation to advance plaintiffs' costs of defense, that the retention amount was zero, and that any damages due to plaintiffs by Genesis arising from the breach remains to be determined. For that purpose this case is again remanded to the district court for the damage determination and the resolution of other issues which may arise.

Jurisdiction is retained for any appeal that may result, provided this extended litigation is not settled. The parties shall bear their own costs of this appeal.

